IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00867-PAB

OUSSEMANE BA, and
MOHAMED SY,

      Petitioners,

v.

GEORGE VALDEZ,[1] Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement, et al.,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioners Oussemane Ba and Mohamed Sy's petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and respondents' Motion to Sever Petitioners [Docket No. 8].

## I. BACKGROUND

Petitioner Oussemane Ba is a native and citizen of Mauritania.  Docket No. 1 at 2, ¶ 8.  Mr. Ba entered the United States in June 2024 without admission or inspection and was shortly thereafter encountered by Immigration and Customs Enforcement ("ICE") officials.  *Id.* at 7, ¶ 27.  The Department of Homeland Security ("DHS") prepared a Notice to Appear and released Mr. Ba on his own recognizance.  *Id.*  However, ICE did not file the Notice to Appear with the immigration court and did not initiate removal proceedings.  *Id.*  Mr. Ba then filed an application for asylum.  *Id.*, ¶ 28.  DHS terminated

---

[1] George Valdez is substituted as the named defendant for Robert G. Hagan pursuant to Fed. R. Civ. P. 25(d).

Mr. Ba's application and placed him into expedited removal proceedings, but he did not receive notice of this action. *Id., ¶* 29. In June 2025, Mr. Ba was detained at his home and given a credible fear interview. *Id.,* ¶ 30. He was served with a new Notice to Appear that charged him with being removeable under 8 U.S.C §§ 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *Id.* An immigration judge denied Mr. Ba's application for asylum, finding that Mr. Ba could be removed under an Asylum Cooperative Agreement to a country other than Mauritania. *Id.,* ¶ 31. The immigration judge issued a removal order and Mr. Ba filed an appeal with the Board of Immigration Appeals ("BIA"), which remains pending. *Id.* Mr. Ba is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 8, ¶ 34.

Mr. Sy is a native and citizen of Mauritania. *Id.* at 3, ¶ 9. Mr. Sy entered the United States in June 2003 without admission or inspection. *Id.* at 7-8, ¶ 32. DHS encountered Mr. Sy shortly after his entry, issued him a Notice to Appear, and placed him in removal proceedings. *Id.* Mr. Sy was released from custody on his own recognizance. *Id.* In October 2025, Mr. Sy attended a check-in with ICE and was placed in immigration custody. *Id.* at 8, ¶ 33. On February 18, 2026, an immigration judge issued a removal order for Mr. Sy. *Id.* Mr. Sy appealed the immigration judge's decision to the BIA which remains pending. *Id.* Mr. Sy is detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.,* ¶ 34.

On March 3, 2026, petitioners filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *Id.* Petitioners bring a claim for violation of the Immigration and Nationality Act ("INA"), alleging that respondents are not adhering to the requirements of 8 U.S.C. §§ 1225 and 1226 (Count One); a claim for violation of substantive due

2

process (Count Two); and a claim for violation of procedural due process (Count Three). *Id.* at 14-20.  Petitioners ask the Court to declare that 8 U.S.C. § 1225(b) does not govern petitioners' detention and order petitioners to be released from immigration custody with all of their personal belongings and with no additional conditions of release imposed by ICE.  *Id.* at 20.  In the alternative, petitioners ask that the Court order respondents to hold a bond hearing.  *Id.*  Petitioners request leave to file an application for attorney's fees and costs.  *Id.*

## II. ANALYSIS

### A. Motion to Sever

Rule 21 of the Federal Rules of Civil Procedure governs misjoinder and nonjoinder of parties, providing that "[t]he court may [ ] sever any claim against a party." Fed. R. Civ. P. 21.  Severance under Rule 21 creates a separate case.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 (10th Cir. 1991).  A court has broad discretion in deciding whether to sever parties or claims.  *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995).  The joinder of claims in a single action is governed by Rule 20 of the Federal Rules of Civil Procedure, which provides that parties "may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  The permissive joinder rule is to be construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple law suits."  *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (internal quotations and citation omitted).  As the Supreme Court instructed, the impulse under

3

the Federal Rules of Civil Procedure is for courts to entertain the "broadest possible scope of action consistent with fairness to the parties"; thus, "joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

Respondents argue that it is improper for two petitioners to join in a single habeas petition given that habeas petitioners are challenging the conditions of their own detention. *See* Docket No. 8 at 3-4.[2] Respondents contend that petitioners' claims do not arise out of the same transaction or occurrence as required for joinder under Rule 20(a) given the different times at which petitioners were detained and the length of their detentions. *Id.* at 4-7. Petitioners state that, although they were arrested at separate times, they are "both being detained under the same unlawful policy and the due process violations in their cases are identical." Docket No. 10 at 2. Petitioners cite other cases in which courts have found joinder to be proper "particularly in light of the flood of habeas litigation courts have experienced in the last several months." *Id.* at 3. Petitioners also note that respondents have "already filed a single response in this petition" and that "[s]evering now would only prejudice Petitioners and further delay this case." *Id.*

---

[2] Respondents cite *Buriev v. Warden, Geo, Broward Transitional Ctr.*, 2025 WL 1906626, at *1 (S.D. Fla. Mar. 18, 2025), *see* Docket No. 8 at 3, where the court found that "courts across the country agree that two petitioners cannot join a single habeas petition." *Buriev*, 2025 WL 1906626, at *1. However, *Buriev* acknowledged that courts in its own district have allowed multiple petitioners to join a single habeas action. *See id.* at 1 n.2 ("It's true that a couple Florida federal judges have allowed multiple petitioners to join a single habeas petition."). Thus, it is "not unprecedented for a district court to issue injunctive relief to multiple immigration detainees joined into one habeas petition." *See Espinoza v. Kaiser*, 2025 WL 2675785, at *9 (E.D. Cal. Sept. 18, 2025).

Although petitioners were detained at different times, "joinder is warranted here given that respondents have not identified any relevant distinguishing fact or legal issue between the three petitioners' claims, and their re-detentions are part of a systematic pattern of conduct by respondents based on the government's novel reinterpretation of § 1225(b)(2)(A)." *See Flores Flores v. Noem*, 2026 WL 616467, at *1 (E.D. Cal. Mar. 4, 2026). Both petitioners were apprehended within the interior of the United States, after being previously released on their own recognizance, and were detained pursuant to 8 U.S.C. § 1225(b)(1). *See* Docket No. 1 at 7, 8-9, ¶¶ 27, 30, 32, 33. Both petitioners request the same relief arising out of their unlawful detentions under § 1225(b)(1): that the Court order their release, or in the alternative, order a bond hearing pursuant to 8 U.S.C. § 1226(a). *See id.* at 20. In their response to the habeas petition, respondents do not raise any legal or factual distinctions between Mr. Ba and Mr. Sy. *See generally* Docket No. 9. Rather, respondents submit the same "abbreviated response," defending their interpretation of § 1225 and § 1226, that has been rejected by numerous other courts in this district. *See id.* at 3-4. As it relates to both petitioners, respondents "acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id.* at 4. Accordingly, here, where the Court is considering two petitioners and the government has not cited material factual differences or manageability concerns, the Court will deny respondents' motion to sever.

### B. Habeas Petition

The parties disagree on whether petitioners' detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  Petitioners contend that "8 U.S.C. § 1226(a) is the only potentially applicable statute of detention" as it "focuses on individuals who are in the United States and the government is seeking to remove through removal proceedings." Docket No. 1 at 14-15, ¶ 55.  Because they believe that § 1226 applies, petitioners argue that respondents must provide them with a bond hearing.  *See id.* at 20. Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioners who were "present in the United States without having been admitted." Docket No. 9 at 3.  Respondents claim that petitioners are therefore not entitled to a bond hearing and are subject to mandatory detention.  *Id.*

On several occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta* v. *Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of

6

the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 9 at 4. Respondents state that they submit an abbreviated response "to conserve judicial and party resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal." *Id.* at 3. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 4 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025). "Respondents acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*. Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.[3] *Id.*

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025). Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case. Docket No. 9 at 2-3. Because there is no

---

[3] Respondents specify that they do not consent to issuance of the writ. Docket No. 9 at 4.

evidence that petitioners have been provided a bond hearing, their current detention violates § 1226(a).  The Court will grant the habeas petition on Count One and order respondents to provide petitioners a bond hearing within seven days of the date of this order.[4]

Turning to petitioners' additional requests for relief, *see* Docket No. 1 at 20, petitioners' request that they not be removed from the district while this petition is pending is moot.  Petitioners' request for a declaration that 8 U.S.C. § 1225(b) does not govern their detention is moot.  A "declaratory relief claim is moot if the relief would not affect the behavior of the defendant toward the plaintiff." *Robert v. Austin*, 72 F.4th 1160, 1164 (10th Cir. 2023) (citation omitted).  A declaration that petitioners' detention is not governed by § 1225(b) would not affect respondents' behavior toward petitioners now that the Court has ordered respondents to provide petitioners with a bond hearing, finding that petitioners are subject to § 1226(a).  *See Vaupel v. Ortiz*, 244 F. App'x 892, 896 (10th Cir. 2007) (holding that petitioner's declaratory claims for relief were moot after petitioner's release and deportation, declining "to issue an advisory opinion regarding the legality of [petitioner's] detention, because a declaratory judgment on that question would have no meaningful effect on the Department of Homeland Security's future conduct towards him") (internal quotation, alteration, and citation omitted).

---

[4] Because the Court will grant the habeas petition on the basis of Counts One, it will not reach Count Two or Three, petitioners' due process claims.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

Rather than order petitioners' release, the Court will order respondents to provide petitioners a bond hearing within seven days of the date of this order. *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025). ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court."). The Court will permit petitioners to file a motion for attorney's fees.

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioners Oussemane Ba and Mohamed Sy's petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents' Motion to Sever Petitioner [Docket No. 8] is **DENIED**. It is further

**ORDERED** that respondents shall provide petitioners with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further

**ORDERED** that within **five days** of petitioners' bond hearings, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED March 17, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

9